Judge Owsley
delivered the opinion of the court.*
This was an action of covenant brought by Elizabeth Woodward, administratrix of the estate of John Woodward, deceased, against Andrew Rowan and John Doughlass, upon a covenant entered into between them and the intestate.
The writ was served upon Rowan, and Douglass being returned no inhabitant, an abatement was entered as to him.
Rowan appeared, and pleaded in abatement of the writ, that Douglass had departed this life before the suing out the writ; and the administratrix having filed a demurrer to the plea, and it being joined by Rowan, judgment was rendered against him; and from that judgment he has appealed to this court.
Whether, therefore, the court decided correctly in sustaining the demurrer, is the only question necessary to be considered in the decision of this case.
If the plea would have been availing before the abatement was entered as to Douglass, it is plain that the discontinuance as to him cannot make it inoperative. That abatement was not produced by the act of Rowan, and his *141 right of defence is not to be affected either by the act of the plaintiff in the court below, or that of the court resulting from the official return of the sheriff.
B. Hardin for plaintiff, Hardin contra.
And that the plea contains sufficient matter of abatement we apprehend there is no room to doubt. Had Douglass departed this life after the commencement of the action, it might, no doubt, have been abated as to him and prosecuted against Rowan; but Douglass being dead when the writ emanated, it was clearly irregular to join him in the action, and consequently formed properly, matter in abatement of the writ: 1 Chitty, pa. 441; Bac. Abri. title Abatement. J.
The judgment of the circuit court, therefore, must be reversed with cost, the cause remanded, and further proceedings had not inconsistent with this opinion.

Absent, Judge Rowan.